ROGERS, *County Treasurer*, v. MANN.

No. 7796.   Opinion Filed February 8, 1916.

Rehearing Denied May 23, 1916.

(157 Pac. 331.)

**TAXATION—Collection of Taxes—Delinquency—Statutory Provision.**
Penalties that had accrued on delinquent taxes on February 3, 1915. under the act of the Legislature of March 22, 1911 (Sess. Laws 1910-11, p. 263) were not remitted nor released by the act of the Legislature of February 3, 1915 (Sess. Laws 1915, p. 9), extending the time for the payment of taxes, and which act further provided that all taxes then due under existing statutes should bear interest from date of extension until June 1, 1915, at the rate of 6 per cent. per annum.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Suit by S. P. Mann against Connell Rogers, County Treasurer of Muskogee County. From a decree for plaintiff, defendant brings error. Reversed and remanded, with instructions.

*Fred P. Branson,* County Attorney, and *Glenn Alcorn* and *Francis Stewart,* Assistant County Attorneys; for plaintiff in error.

*Thomas H. Owen* and *Joseph C. Stone,* for defendant in error.

SHARP, J.  The nature of plaintiff's suit may well be stated by setting out his petition, which, omitting caption, signatures, and indorsements, is as follows:

"Comes now S. P. Mann, the plaintiff in the above-styled cause, and for his cause of action against the defendant, as treasurer of Muskogee county, says:  There was assessed against lots thirty-seven (37), thirty-nine (39), and forty (40) of Cook's subdivision of block ten (10) of the city of Muskogee, Oklahoma, for the last half of the year 1912 taxes, to the amount of $351.80, and against lots thirty-nine (39) and forty (40) of said Cook's subdivision of block ten (10) for the last half of the year 1913 taxes, to the amount of $197.76, and against lots thirty-seven (37), thirty-eight (38), thirty-nine (39), and forty (40) of said Cook subdivision of block ten (10) for the last half of the year 1914 the sum of $244.  There is due to the county from this plaintiff six per cent. interest on the taxes for 1912 and 1913, as above stated, at the rate of six per cent. per annum from February 3, 1915, to June 1, 1915, the sum of $10.99.  There is due to the county from this plaintiff, as penalty and interest on the taxes due for 1912, 1913, and 1914, as above set forth, at the rate of eighteen per cent. per annum from June 1, 1915, to October 15, 1915, the sum of $53.56, and a total due from the plaintiff to Muskogee county for said taxes, interest, and penalty in the sum of $858.11, which sum this plaintiff has tendered to Connell Rogers, treasurer of Muskogee county, which tender was refused by the said treasurer, the defendant in this cause, demanding of this plaintiff that he pay a sum far in excess of said sum, and claiming that this plaintiff should pay

to the defendant eighteen per cent. interest on all taxes for the years above mentioned from the time the same was due and delinquent, which demand was contrary to law and was by this plaintiff refused. Unless the above-named defendant, as county treasurer, is enjoined by this court from proceeding against this plaintiff and the property above described, the said defendant will proceed to enforce the payment of the eighteen per cent. penalty as above set forth by selling the property above described, to this plaintiff's damage, and will result in depriving this plaintiff of his property without due process of law. Plaintiff now tenders into court said sum of $858.11 in full payment of all taxes, interest, and penalties due on lots thirty-seven (37), thirty-eight (38), thirty-nine (39), and forty (40) of Cook's subdivision of block ten (10), city of Muskogee, Oklahoma, as above set forth.

"Wherefore, this plaintiff prays that the defendant, as county treasurer, be enjoined from further proceeding against this plaintiff in the collection of said taxes, interest, and penalty, and for all proper relief."

To the petition defendant filed a general demurrer, which, coming on to be heard, was overruled, and defendant refusing to plead further, but electing to stand on his demurrer, a decree was made and entered enjoining said defendant, as treasurer of Muskogee county, from further proceeding against the plaintiff in the collection of taxes, interest, and penalties on the lots described in plaintiff's petition, for the years 1912, 1913, and 1914, and ordering that said defendant accept in full satisfaction of taxes, interest, and penalties due the amount tendered into court by plaintiff. From the action of the court in overruling the defendant's demurrer, and in rendering judgment for plaintiff, this appeal is prosecuted.

It is the contention of the defendant in error that the act of the Legislature approved February 3, 1915 (Sess. Laws 1915, p. 9), extending the time for the payment of taxes, remitted all penalties then accrued on delinquent taxes for the years 1912, 1913, and 1914; while it is said by the plaintiff in error that it was not the purpose of the Legislature to interfere with penalties that had already accrued to the state, and the various subdivisions and municipalities therein, but that the act was intended merely to relieve the taxpayers from such 18 per cent. penalty from the date of the approval of the act until June 1, 1915, during which time interest at 6 per cent. per annum should be paid on delinquent taxes. As tersely stated in the brief of counsel for defendant in error, the appeal presents one question only, and that is: Did the act of the Legislature, approved February 3, 1915, remit the 18 per cent. penalty on delinquent taxes? Two questions are presented by counsel in their briefs: (1) The construction of the act; (2) if the Legislature intended to remit penalties that had theretofore accrued under section 2 of the act of March 22, 1911 (1910-11 Sess. Laws, p. 263), was said act repugnant to sections 53 and 54, art. 5, of the Constitution?

Turning to the first question, we find that section 1 of the act reads:

"The time for the payment of all state, county, school district, municipal and township taxes is hereby extended until the first day of June, nineteen hundred and fifteen: Provided that all such taxes that are now due under existing statutes shall bear interest from the date of this extension until the first day of June, nineteen hundred and fifteen, at the rate of six per cent. per annum: And provided further, that all taxes extended under the provisions of this act, if not paid on

or before June first, nineteen hundred and fifteen, shall bear a penalty at the rate of eighteen per cent. per annum from June first, nineteen hundred and fifteen: And provided further, that the taxpayer shall not be entitled to notice from the county treasurer or other authorized collecting officer as to such taxes being due as a condition precedent to such penalty attaching."

It will be remembered that the payment of the penalty which it was sought to enjoin was on account of taxes for the last half of the years 1912, 1913, and 1914; that for the years 1912 and 1913 plaintiff tendered the taxes, with interest at 6 per cent. from February 3, 1915, to June 1, 1915, and for said years and the year 1914 the taxes and 18 per cent. penalty from June 1, 1915, to October 15th following, upon the belief that the last-mentioned act superseded that part of the act of March 22, 1911, providing that all delinquent taxes should, as a penalty, bear interest at the rate of 18 per centum per annum. The act does not by its terms undertake to relieve against the penalty on taxes due on the date of its approval. Neither do we think its language fairly susceptible of such a construction. Plaintiff's taxes for the last half of the years 1912 and 1913 were delinquent on the date that said act became effective. Being delinquent, a penalty thereto had attached, bearing interest at the rate of 18 per cent. per annum. The act is silent as to any intention to remit or release the payment of such penalty, but, on the other hand, provides that the payment of state, county, school district, municipal, and township taxes is extended until the 1st day of June, 1915, and that all such taxes as are then due shall bear interest from date thereof until June 1, 1915, at the rate of 6 per cent. per annum.

It is said by counsel that it is fundamental that a penalty for the nonpayment of taxes does not attach or become payable until the tax is due. But, as already noted, the taxes were past due, and the penalty had already attached, and the question is not whether a penalty may attach for a tax not yet due, but whether a statute extending the time of payment of delinquent taxes, and which provides that for a fixed period thereafter all taxes then due shall bear interest, not at the rate theretofore in force, but at a much lesser rate, in effect works a release or extinguishment of the former penalty. The act is entitled:

"An act providing for extending the time of payment of all state, county, school district, municipal and township taxes; regulating the collection of the same, providing penalties for the nonpayment thereof, and declaring an emergency."

And it may not improperly be divided into four parts: (1) Extension of time of payment of past-due taxes; (2) interest during the extended period; (3) a restoration of the 18 per cent. penalty after June 1st; (4) providing that no notice of the taxes being due shall be furnished the taxpayer as a condition precedent to the attaching of the penalty. In the matter of the payment of past-due taxes, the statute gave to the taxpayer 117 days of grace, fixed the interest at 6 per cent. during said time, and at the end thereof and thenceforth again fixed the penalty for nonpayment at the rate of 18 per cent. per annum. As to the accrued penalty, however, the act furnished the delinquent taxpayer no final relief, but, instead, a respite, or moratorium.

Our conclusions render unnecessary a consideration of the question of the power of the Legislature to release

or extinguish penalties on delinquent taxes, for from what we have seen it did not attempt to do so. What we have said relates to penalties on delinquent taxes where there has been no tax sale. The duty of the county treasurer in respect to the amount that he should collect for redemption of real estate from tax sale, or the rights of the county, or the holder of the certificate, in such cases, not being involved, are not considered or determined.

The judgment of the trial court is reversed, and the cause remanded, with instructions to enter judgment in conformity to the views herein expressed.

TURNER, HARDY, and THACKER, JJ., concur. KANE, C. J., concurs in conclusion.